UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 25-CV-23594-DPG

JANE DOE,

    Plaintiff,

vs.

MTZ CARVER LLC,

    Defendant.

_____/

## PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

Plaintiff Jane Doe ("Plaintiff") requests that this Court allow her to prosecute this case anonymously using a pseudonym, and in support states as follows:

This lawsuit arises from Plaintiff's allegation that non-party Tavarus M. Moreland, the property manager and agent of Plaintiff's former landlord, Defendant MTZ Carver LLC, required Plaintiff to maintain a sexual relationship with him as a condition of her continued tenancy under her lease with Defendant. *See generally* D.E. 1, Complaint. Fearing a return to homelessness, Plaintiff relented. When Plaintiff eventually started refusing Moreland's illicit quid pro quo, Moreland illegally harassed Plaintiff by (1) locking her and her young son out of their unit; (2) destroying/removing Plaintiff's personal property; and (3) moving Moreland's family into the unit. In December 2024, Plaintiff obtained a domestic violence restraining order against Moreland and one of his family members. Immediately thereafter, Defendant filed a retaliatory eviction against Plaintiff by falsely claiming Plaintiff owed years of unpaid rent.

Given the sensitive nature of the issues in this case, which involves allegations that Plaintiff was subjected to severe and pervasive sexual harassment by Defendant's agent, good cause exists for an order allowing Plaintiff to proceed anonymously in order to prevent further harm to Plaintiff.

**MEMORANDUM OF LAW**

As a general matter, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). However, this rule is not absolute. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir. 2011). A party may proceed anonymously in a civil suit in federal court by showing that he or she has "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id*. Fed. R. Civ. P. 26(c)(1) also authorizes the Court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon the Plaintiff's motion. The Court may grant a protective order under Rule 26(c)(1) for "good cause" and has "broad discretion…to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehard*, 467 U.S. 20, 36 (1984); *see, e.g., Doe v. McCoy,* No. 1:23-CV-3169, 2024 WL 843908, at *9 (N.D.Ga. Feb. 28, 2024) (granting motion to proceed anonymously, finding the disclosure of the plaintiff's identity in a revenge porn case "would plainly compound the harm she has already purportedly suffered as result of Defendants' alleged conduct.").

Here, the risk of harm and embarrassment to Plaintiff outweighs the general presumption of open records. This case requires the Plaintiff to disclose information of the utmost intimacy, specifically sexual manipulation, physical violence, and psychological abuse. A pseudonym is necessary to prevent further emotional damage and trauma to Plaintiff based on the improper and illegal actions of Defendant. *See, e.g., Doe v. Ghiorso*, No. 2:24-CV-57, 2024 WL 3511641

(S.D. Ga. July 23, 2024) ("Plaintiff's substantial right to privacy outweighs the customary presumption she would proceed in her own name.").

## CONCLUSION

Forcing Plaintiff to disclose her identity in public court records would subject her to even more psychological damage, humiliation, and embarrassment than she has already endured. Plaintiff therefore seeks permission to proceed in this action under the pseudonym "Jane Doe" and seeks entry of a protective order barring dissemination of her true name and requiring that any documents containing her true name be filed under seal.

WHEREFORE, the Plaintiff requests to proceed anonymously as Jane Doe, and requests that this Court grant such other relief as it deems just and appropriate.

## CERTIFICATE OF CONFERRAL

Plaintiff's counsel states that they have not yet conferred with Defendant about the relief requested herein, as required by Local Rule 7.1(a)(2), because the Motion is made contemporaneously with the filing of the Complaint and before Defendant has appeared in this case. Counsel certifies that they will confer with Defendant about the relief requested herein at the earliest opportunity.

RESPECTFULLY SUBMITTED,

By: ___/s/ Jason L. Mays, Esq.___

**Neiman Mays Floch & Almeida PLLC**
100 SE 3rd Ave., Unit 805
Ft. Lauderdale, Florida 33304

Jason L. Mays, Esq.

Florida Bar No. 106495
Primary: jmays@nmfalawfirm.com
Secondary: rrivas@nmfalawfirm.com
Tel: (305) 434-4941


By: */s/ James R. Glover, Esq.*

**Legal Services of Greater Miami, Inc.**
4343 West Flagler Street, Suite 100
Miami, Florida 33134

James R. Glover, Esq.,
Florida Bar No. 106369
Primary: jglover@legalservicesmiami.org
Secondary: dgeorge@legalservicesmiami.org
Tel: (305) 438-2445

Zhoujiang Xie, Esq.,
Florida Bar No. 1057919
Primary: zxie@legalservicesmiami.org
Secondary: pydrovo@legalservicesmiami.org
Tel: (305) 438-2479

*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that, on August 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing will be served upon Defendant along with the Complaint and other case-initiating documents.


By: */s/ Jason L. Mays, Esq.*

**Neiman Mays Floch & Almeida PLLC**
100 SE 3rd Ave., Unit 805
Ft. Lauderdale, Florida 33304

Page **4** of **5**

        Jason L. Mays, Esq.
        Florida Bar No. 106495
        Primary: jmays@nmfalawfirm.com
        Secondary:  rrivas@nmfalawfirm.com
        Tel:  (305) 434-4941