IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JANE DOE,

    Plaintiff,

                                  Case No.  25-CV-23594

vs.

MTZ CARVER LLC,

    Defendant.

_____/

## **DEFENDANT'S MOTION FOR SANCTIONS**

Defendant MTZ CARVER LLC ("Defendant"), by and through undersigned counsel, respectfully moves this Court for an Order imposing sanctions against Plaintiff Jane Doe (also known as ▮▮▮▮▮▮▮▮) and her counsel of record James Robert Glover, Esq., Jeffrey Martin Hearne, Esq., Zhoujiang Xie, Esq. (all of Legal Services of Greater Miami, Inc.), and Jason Mays, Esq. (of Neiman Mays Floch & Almeida, PLLC) pursuant to Federal Rule of Civil Procedure 11. In support thereof, Defendant states as follows:

## **PRELIMINARY STATEMENT**

Plaintiff's Complaint is frivolous and was filed and maintained in violation of Rule 11. It asserts claims under the Fair Housing Act and Florida law against Defendant arising from a landlord tenant relationship yet attributes every act of

alleged misconduct solely to a non-party employee. The Complaint contains no factual allegations that Defendant had notice, knowledge, or should have known of any purported conduct. It is also riddled with internal contradictions that render the claims implausible on their face.

More fundamentally, the claims asserted here arise from the exact same landlord tenant transaction that was the subject of a prior eviction action in Miami-Dade County Court (Case No. 2024-251615-CC-05), in which a default judgment for possession was entered against Plaintiff. Plaintiff had actual notice of those proceedings. She appeared in domestic violence injunction hearings on January 8, 2025 and March 5, 2025, where she expressly represented under oath that she was voluntarily vacating the premises and no longer needed protection. Plaintiff chose not to raise any of the claims asserted in this federal action as defenses or counterclaims in State Court. Instead, after the eviction was completed, Plaintiff filed this federal lawsuit in August 2025 under a "Jane Doe" designation, despite prior cases proceeding under her real name.

A reasonable pre-filing inquiry would have revealed these fatal deficiencies. Plaintiff's counsels had actual knowledge of the prior proceedings (including via a March 24, 2025, email copied to James Glover in which Plaintiff confirmed she had vacated Defendant's premises and left the key). Counsel has continued to prosecute

2

this action despite clear notice of its lack of merit. Sanctions under Rule 11 are warranted.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.     The Prior Eviction Action and Plaintiff's Actual Notice

On or about December 26, 2024, Defendant initiated eviction proceedings against Plaintiff in Miami-Dade County Court, Case No. 2024-251615-CC-05, for non-payment of rent and holdover. A default judgment for possession was entered against Plaintiff. Plaintiff had actual notice of the eviction proceedings. On March 24, 2025, Plaintiff emailed Defendant's counsel confirming that she had voluntarily vacated the premises, left the key inside, and was no longer in possession. Plaintiff's current counsel, James Glover, was copied on that email.[1] Despite having actual notice and the opportunity to defend and raise any claims she had regarding the tenancy, Plaintiff did not do so. The eviction proceeded to completion.

### B.     The Domestic Violence Injunction Proceedings and Plaintiff's Sworn Representations

Contemporaneously with the eviction proceedings, Plaintiff pursued a temporary protective order ("TPO") / domestic violence injunction against Defendant's employee in Miami-Dade Case No. 2024-23631-FC-04. On January 8, 2025, Plaintiff appeared at a hearing and testified under oath that she was voluntarily

---

[1] A true and correct copy of the March 24, 2025 email is attached hereto as Exhibit "A"

moving out of the property in February 2025, and would no longer need the protection of the injunction. On March 5, 2025, Plaintiff again appeared and agreed in open court to let the TPO auto dissolve on April 2, 2025. These representations were made while Defendant's eviction proceedings were actively pending. Plaintiff did not raise any of the claims she now asserts in this federal action during those proceedings.

### C.   The Federal Action Was Filed Months After the Eviction Was Completed

Plaintiff did not file this federal action until August 2025, five months after the eviction was completed and after she had already given written notice that she vacated the property. The operative complaint asserts claims under the Fair Housing Act and Florida law arising from the same landlord tenant relationship that was the subject of the prior eviction action. Plaintiff designated herself as "Jane Doe" in this federal case, despite multiple prior State Court cases (including the eviction and TPO matters) proceeding under her real name. Plaintiff's counsel had actual knowledge of the prior proceedings, as evidenced by the March 24, 2025, email copied to James Glover.[2]

### D.   Plaintiff's History of Actively Participating in Eviction Proceedings

---

[2] Exhibit "A"

4

Plaintiff has a demonstrated history of actively participating in eviction proceedings when she chooses to do so. In Miami-Dade Case No. 2022-036813-CC-05, Plaintiff filed a handwritten emergency motion and written response. In Miami-Dade Case No. 2015-001729-CC-24, Plaintiff filed a pleading that was later stricken by the Court. Most recently, in the eviction actions filed against her by her new landlord (Miami-Dade Case Nos. 2025-142082-CC-20 and 2026-81291-CC-20), Plaintiff appeared, filed a handwritten answer, and entered into a stipulation to pay $11,146 in arrears.[3] Despite this clear pattern of engaging with eviction proceedings, including filing responses and emergency motions, Plaintiff failed to file any response or raise any of the claims she now asserts in this federal action during the eviction proceedings in Case No. 2024-251615-CC-05, even though she had actual notice. This selective decision not to litigate her claims in the proper forum, followed by the later filing of this federal action, demonstrates that the Complaint was not the product of a reasonable pre-filing inquiry.

### E.     Inconsistent Financial Representations and IFP Status

While claiming indigent status in this Court and proceeding in forma pauperis, Plaintiff paid a stipulated $11,146 in back rent in full in January 2026, in a subsequent eviction action and was further obligated to pay ongoing monthly rent of $1,850. In that State Court case, Plaintiff made materially different statements about

---

[3] True and correct copies of relevant filings are attached as Exhibits "B"-"E"

her income and employment than she made in her IFP application here. Plaintiff's counsel of record, James Glover, had actual knowledge of the $11,146 payment (as he filed the motion to dismiss the later eviction on the basis of payoff) yet never informed this Court of Plaintiff's changed financial circumstances. Under 28 U.S.C. § 1915(e)(2)(A), this Court "shall dismiss" the case at any time if it determines that the allegation of poverty is untrue. These inconsistencies further support a finding that the Complaint and its maintenance lack a good-faith basis under Rule 11.

Additionally, after the Rule 11 motion was served, the parties held a meet and confer telephone conference on July 16, 2026. During that conference, Plaintiff's counsel, including Legal Services of Greater Miami attorneys ( minus Jeffrey Hearne who was not present on the call) and private counsel Jason Mays, Esq. represented that they were not aware of any continuing obligation to advise the Court of changes to Plaintiff's financial circumstances while she was proceeding in forma pauperis. This representation was made despite James Glover having actual knowledge that Plaintiff had satisfied a $11,146 judgment. The fact that even private counsel claimed ignorance of this basic duty further demonstrates that Plaintiff's counsels failed to conduct a reasonable inquiry into the veracity of the information filed with the Court and failed to advise the Court of any changes, in violation of Rule 11.

6

## LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) provides that by presenting a pleading to the court, an attorney certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Fed. R. Civ. P. 11(c)(1). The standard is objective: whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified. *See Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

Sanctions are warranted "when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance

of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). The obligation is continuing counsel must reassess the basis for their claims as the case develops and after receiving notice of deficiencies. See Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment; *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010).

A claim is frivolous under Rule 11 if it is "so lacking in arguable merit as to be groundless or without foundation." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing frivolousness in related context). Filing claims that are clearly barred by res judicata or claim preclusion, or that attribute all alleged misconduct to a non-party while naming only an entity that had no notice, without conducting a reasonable pre-filing inquiry, constitutes a violation of Rule 11(b)(2) and (b)(3). *See, e.g., Baker*, 158 F.3d at 524; *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991) (sanctions appropriate where claims lacked factual and legal basis).

Rule 11(c)(2) requires that a motion for sanctions be served under Rule 5 but not filed or presented to the court if the challenged paper is withdrawn or appropriately corrected within 21 days after service. This motion is being served pursuant to that safe harbor provision. The purpose of the safe harbor is to give the offending party an opportunity to withdraw or correct the paper before the court

becomes involved. See Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.

## ARGUMENT

### I.     The Complaint Violates Rule 11 Because It Lacks Any Factual Basis Against Defendant and Is Internally Contradictory

A reasonable pre-filing inquiry would have revealed that the Complaint fails to state any claim against Defendant. Every allegation of misconduct is attributed solely to a non-party employee. There are no allegations of notice, knowledge, ratification, or any other basis for liability against Defendant. The Complaint also contains multiple internal contradictions, including allegations of a preexisting sexual relationship that ended upon tenancy, admissions that the employee was often absent from the property for weeks at a time (undermining claims of ongoing harassment or a hostile environment), and Plaintiff's own admission that she never paid rent. These deficiencies are detailed in Defendant's pending Motion to Dismiss.[4] The complete absence of factual allegations against the named Defendant, combined with the internal contradictions on the face of the pleading, renders the claims objectively frivolous under Rule 11(b)(2) and (b)(3).

### II.     The Complaint Violates Rule 11 Because the Claims Are Barred by Res Judicata and Were Not Raised in the Prior Eviction Proceeding Despite Actual Notice and Opportunity

---

[4] ECF 20

Under Florida's transactional test for res judicata, Plaintiff could and should have raised any alleged sexual harassment, coercion, retaliation, or Fair Housing Act violations as affirmative defenses or counterclaims in the State Court eviction proceeding. Plaintiff had actual notice of those proceedings, as confirmed by the March 24, 2025, email which her current counsel, James Glover, was copied.[5] Plaintiff also appeared in TPO proceedings on January 8 and March 5, 2025, where she made sworn representations about voluntarily vacating. Despite having both notice and opportunity, Plaintiff chose not to raise these claims in either the eviction or TPO Court. Instead, Plaintiff waited until months after the eviction was completed to file this federal action under a pseudonym. This is precisely the type of conduct that demonstrates the Complaint was presented for an improper purpose (to harass and multiply proceedings) and that the legal contentions are not warranted by existing law. See Fed. R. Civ. P. 11(b)(1)–(2).

### III. Plaintiff's Pattern of Selectively Engaging in Eviction Litigation Further Demonstrates the Absence of a Reasonable Pre-Filing Inquiry

Plaintiff has a documented history of actively participating in eviction proceedings when she chooses to do so, filing handwritten emergency motions, written responses, and answers in multiple prior and subsequent cases. Yet Plaintiff failed to file any response or raise any of the claims she now asserts in the eviction

---

[5] Exhibit "A"

proceedings involving Defendant, despite having actual notice. This selective inaction, followed by the later filing of this federal action, demonstrates that the Complaint was not the product of a reasonable inquiry under the circumstances. A reasonable attorney would have recognized that these claims either should have been raised in the State Court eviction or were barred by res judicata.

### IV.    Inconsistent Financial Representations and Failure to Update the Court Further Support a Finding of Improper Purpose and Lack of Reasonable Inquiry

While claiming indigent status and proceeding in forma pauperis in this Court, Plaintiff paid $11,146 in full in a parallel eviction action and agreed to pay ongoing rent of $1,850 per month. Plaintiff's counsel of record, James Glover, had actual knowledge of that payment (as he filed the motion to dismiss the later eviction on that basis) yet never informed this Court of Plaintiff's changed financial circumstances. The materially inconsistent statements Plaintiff made about her income and employment across multiple filings further support a finding that the Complaint and its maintenance were presented without a reasonable inquiry and for an improper purpose. Under 28 U.S.C. § 1915(e)(2)(A), this Court **shall dismiss** the case if the allegation of poverty is untrue. These facts reinforce that Rule 11 has been violated.

### CONCLUSION

11

For the foregoing reasons, Defendant respectfully requests that this Court enter an Order:

(1)    Awarding Defendant its reasonable attorney's fees and costs incurred in defending this action, to be paid by Plaintiff's counsel of record (James Glover, Jeffrey Hearne, Zhoujiang Xie, and Jason Mays) jointly and severally under 28 U.S.C. § 1927, and by Plaintiff and her counsel under the Court's inherent power;

(2)    Dismissing this action **with prejudice**; or alternatively, Dismissal as required under 28 U.S.C. § 1915(e)(2)(A); and

(3)    Granting such other and further relief as the Court deems just and proper, including, if the Court finds the conduct particularly egregious, referring the matter to the Southern District Grievance Committee or other appropriate disciplinary authority.

**CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(3)**

Pursuant to Local Rule 7.1(a)(3), undersigned certifies that counsel for Defendant conferred with Plaintiff's counsel in a good faith effort by telephone to resolve the issues raised herein on July 16, 2026. All of Plaintiff's counsel, excluding Jeffrey Hearne who was not present on the call, indicated they opposed the relief sought in this motion. This motion was served pursuant to the safe harbor provision

of Fed. R. Civ. P. 11(c)(2) and was not filed until after the expiration of the 21day

period unless the Complaint is withdrawn or appropriately corrected.[6]

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished via electronic mail via CM/ECF filing to all counsel of record, this 10th

day of August, 2026.

*Ariel E. Mitchell, Esq.*
Ariel E. Mitchell, Esq.
Florida Bar No. 125714
1951 NW 7th Ave.
Suite 160, #306
Miami, FL 33136
(305) 903-5835
Email service: ariel@arielesq.com

---

[6] Exhibit "F"

13